UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-60828-CIV-COHN/ROSENBAUM

ALFRED MECCA,

       Plaintiff,

v.

SCHOOL BOARD OF BROWARD COUNTY,

       Defendant.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART
## DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** is before the Court on Defendant School Board of Broward

County's Motion to Dismiss [DE 3].  The Court has considered the Motion, Plaintiff

Alfred Mecca's Response [DE 17], Defendant's Reply [DE 18], the record in this case,

and is otherwise fully advised in the premises.

## I. BACKGROUND

According to the Complaint [DE 1-2 at 2-15], Plaintiff Alfred Mecca was a teacher

employed by Defendant School Board of Broward County for thirty years.  Compl. ¶ 7.

On or about February 5, 2010, while in his classroom, Plaintiff was injured when he was

knocked to the ground by a male special education student.  Id. ¶ 9.  At the time,

Plaintiff was attempting to break up a physical altercation between the male student

and a female student.  Id.  Defendant allegedly assured Plaintiff that the male student

would be removed from his classroom, but the male student was not removed.  Id.

¶¶ 11, 12.  Plaintiff says he felt continuously threatened, stalked, and intimidated by the

male student's frequent verbal intimidation and stares.  Id. ¶ 12.

After the February 5th incident, Plaintiff was diagnosed with post-traumatic stress

disorder ("PTSD").  Id. ¶ 13.  Before the diagnosis, Plaintiff "had no apprehension or anxiety interacting with challenging students," id. ¶ 18, but after the diagnosis, "he experienced severe insomnia, fatigue, nervousness/anxiety/shaking, withdrawal from student conflict situations and other symptoms . . . associated with PTSD," id. ¶ 19.

Because of his condition, Plaintiff missed five days of work.  Id. ¶ 13, 17.  He requested to use sick leave for his absence, but Defendant denied the request and deducted five days of pay from Plaintiff's salary for the days he missed.  Id. ¶¶ 14-15, 17.  Defendant advised that Plaintiff did not qualify for sick leave under Defendant's Illness in Line of Duty Policy ("ILOD Policy") because he did not suffer physical illness or injury as required under the policy.  Id. ¶¶ 15-16; see also ILOD Policy [DE 1-2 at 17].

Later, Plaintiff was absent an additional five days because of his condition. Compl. ¶ 21.  Again, he requested to use sick leave, but Defendant reprimanded him for his absence.  Id.  Defendant later reprimanded Plaintiff a second time when he fell asleep during his lunch break.  Id. ¶ 22.  Plaintiff claims he fell asleep because he was exhausted and lethargic due to his insomnia.  Id.

Ultimately, Plaintiff resigned his employment with Defendant.  Id. ¶ 23.  He says he resigned "to preserve his health and sanity," because he "felt so demeaned demoralized, and embarrassed," as a result of "Defendant's failure to remove the student from Plaintiff's class, its . . .reprimands and harassing verbal statements . . . , and [its] repeated expressions of dissatisfaction with him in the work place, such that his poor treatment by Defendant was commonly known among Plaintiff's colleagues." Id.

On December 28, 2011, Plaintiff filed this action in the Circuit Court of the

Seventeenth Judicial Circuit, in and for Broward County, Florida.  See Compl.  The

Complaint brings the following claims against Defendant: handicap discrimination under

Titles I and II of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, ("ADA")

(Count I); handicap discrimination under the Florida Constitution and Statutes

(Count II); "denial of equal protection; retaliation/constructive discharge" (Count III); and

handicap discrimination under the Florida Civil Rights Act of 1992, Fla. Stat. § 760.10 *et*

*seq.*, ("FCRA") (Count IV).  See id.

Defendant was served on April 18, 2012.  See Summons [DE 1-2 at 1].

Thereafter, on May 3, 2012, Defendant removed the action to this Court based on

federal question jurisdiction.  See Notice of Removal [DE 1]; 28 U.S.C. § 1331.  The

next day, Defendant filed the instant Motion, seeking to dismiss the Complaint pursuant

to Federal Rule of Civil Procedure 12(b)(6).

## II. LEGAL STANDARD

Under Rule 12(b)(6), a motion to dismiss lies for "failure to state a claim upon

which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In order to state a claim, Federal

Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim

showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "While a

complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

requires more than labels and conclusions, and a formulaic recitation of the elements of

a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007)

(citations omitted).  "To survive a motion to dismiss, a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

At this stage in the litigation, the Court must consider the factual allegations in the Complaint as true, and accept all reasonable inferences therefrom.  Jackson v. Okaloosa Cnty., Fla., 21 F.3d 1531, 1534 (11th Cir. 1994).  Nevertheless, the Court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."  Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

### III. ANALYSIS

Defendant seeks to dismiss each Count of the Complaint for failure to state a claim upon which relief can be granted.  Plaintiff opposes Defendant's Motion, but also seeks leave to amend his Complaint to bring claims pursuant to 42 U.S.C. § 1983.  The Court evaluates the parties' arguments as to each Count of the Complaint below.

### A. Handicap Discrimination Under the ADA (Count I)

Count I brings a claim for handicap discrimination under the ADA.  "[T]o establish a prima facie case of discrimination under the ADA, [Plaintiff] must demonstrate that [he] (1) is disabled, (2) is a qualified individual, and (3) was subjected to unlawful discrimination because of [his] disability."  Cash v. Smith, 231 F.3d 1301, 1305 (11th Cir. 2000).  Additionally, "an ADA plaintiff (1) as part of [his] burden of production, must identify an accommodation that would allow [him] to perform [his] job duties and (2) as a part of [his] burden of proving [his] case, must establish that such an accommodation is reasonable."  Willis v. Conopco, Inc., 108 F.3d 282, 283 (11th Cir. 1997).  Defendant contends that Plaintiff fails to plead the first element of his ADA discrimination claim (that he is disabled), and fails to plead a reasonable accommodation.

4

First, Defendant argues that Plaintiff fails to plead factual allegations establishing that he is disabled.  Under the ADA, an individual is disabled if he has "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) [is] regarded as having such an impairment."  42 U.S.C. § 12101(1).  The Complaint pleads that Plaintiff was diagnosed with PTSD, and that the PTSD affected his everyday life because after his diagnosis, "he experienced severe insomnia, fatigue, nervousness/anxiety/shaking, withdrawal from student conflict situations and other symptoms . . . associated with PTSD." Compl. ¶¶ 18, 19.  The Federal Regulations explain that, for an impairment like PTSD, "it should easily be concluded that the [impairment] will, at a minimum, substantially limit the major life activities indicated."  29 C.F.R. § 1630.2(3)(iii); see also 29 C.F.R. § 1630.2(1)(vii) ("An impairment that is episodic or in remission is a disability if it would substantially limit a major life activity when active.").  Therefore, the Complaint pleads that Plaintiff is disabled within the meaning of the ADA.

Second, Defendant argues that Plaintiff fails to identify a reasonable accommodation that would allow him to perform his job duties.  In response, Plaintiff points to his allegations that he requested to use sick leave for his absence and asked that the male student be removed from his classroom.  See Resp. at 4; Compl. ¶¶ 11-12, 14.  Plaintiff also suggests in his Response that Defendant could have permitted him to sleep during his lunch break.  Resp. at 4.

In its Reply, Defendant suggests that the ADA claim cannot survive based on Plaintiff's request to use sick leave for his absence, because Defendant properly rejected the claim under its ILOD Policy, and the ILOD Policy does not conflict with the

ADA.  See Reply at 2-3.  The Complaint acknowledges that Defendant denied Plaintiff's request to use sick leave under the ILOD Policy because the policy only applies to employees who suffer physical illness or injuries, and Plaintiff suffered a psychological injury.  Compl. ¶¶ 15, 16; see also ILOD Policy (". . . employee shall be entitled to illness-in-line-of-duty leave with pay when the employee has to be absent from [his] duties because of personal injury received in the discharge of duty or because of illness from any contagious or infectious disease contracted at work.").  Similar to Hensley v. Punta Gorda, 686 So. 2d 724, 727 (Fla. Dist. Ct. App. 1997), where the court rejected the plaintiff's attempt to recover benefits for a psychiatric illness under Florida's workers' compensation statute because the statute only covers physical injuries, Plaintiff's claim cannot succeed to the extent that he seeks to recover benefits under the ILOD Policy for his psychological illness, because the ILOD Policy only covers physical illnesses.  See Hensley, 686 So. 2d at 727 (finding Florida's decision to exclude workers' compensation benefits for mental or nervous injuries unrelated to compensable physical injury not inconsistent with the goals of the ADA); see also Traynor v. Turnage, 485 U.S. 535, 538 (1988) (holding that benefits extended to one category of handicapped persons need not also be extended to all other categories of handicapped persons).  Here, as in Hensley, Plaintiff "has not suffered discrimination by virtue of having a psychiatric illness; rather, [he] is unable, under the terms of [Defendant's ILOD Policy], to prove that [he] suffered an injury . . . so as to be covered by [the policy]."  Hensley, 686 So. 2d at 727.  Therefore, Defendant's decision to refuse Plaintiff's request for sick leave, which was only available only to employees with physical injuries, did not constitute discrimination under the ADA.  Accordingly, to the

extent that Plaintiff's ADA discrimination claim relies on his request for paid sick leave under the ILOD Policy, Count I fails to state a claim upon which relief can be granted.

However, Plaintiff has stated a claim for ADA discrimination based on his suggestion that Defendant could have removed the male student from his classroom or permitted him to take naps at lunchtime.  Defendant suggests in its Reply that Plaintiff cannot base his claim on these requests because the allegations do not amount to a constructive discharge claim.  See Reply at 3-4.  Relying on the high standard for constructive discharge claims, but without citing any legal authority in support, Defendant concludes that Plaintiff's allegations are "clearly insufficient . . . to establish a claim of constructive discharge."  Id. at 4.  The Court does not find such clear insufficiency.  Rather, reading the Complaint in the light most favorable to Plaintiff, as the Court is required to do at this stage, Plaintiff has stated a claim for ADA discrimination.  To the extent that Defendant disputes the facts regarding the severity of the hostility that Plaintiff encountered at work, Defendant may raise its concerns at a later stage in the proceedings or at trial.  At this time, however, the Court will deny the Motion as to Count I.

### B. Handicap Discrimination Under the Florida Constitution and Statutes (Count II)

Count II brings a claim for handicap discrimination under the Florida Constitution and Chapter 760, Florida Statutes.[1]  As relief, Count II seeks monetary damages in the

---

[1]  In its Reply, Defendant asserts that Count II fails to set forth a claim for denial of equal protection claim under the Florida Constitution.  See Reply at 4.  Yet, Count II of the Complaint does not purport to bring a claim for denial of equal protection.  Rather, Count II asserts a claim for handicap discrimination.  Count III, however, purports to bring an equal protection claim.

amount of Plaintiff's uncompensated leave, fringe benefits, front pay, and compensatory damages, as well as declaratory and injunctive relief under the Florida Constitution and Chapter [760], Florida Statutes.[4]

Defendant argues, and Plaintiff agrees, that this claim cannot succeed insofar as it seeks monetary relief because Florida does not recognize a waiver of sovereign immunity for constitutional violations.  Mot. at 6 (citing Garcia v. Reyes, 697 So. 2d 549, 550 (Fla. Dist. Ct. App. 1997)); Resp. at 5.  Plaintiff therefore requests permission to amend his Complaint to include a § 1983 claim with respect to the monetary reimbursement he seeks.[5]  Plaintiff also notes, and Defendant agrees, that sovereign immunity does not preclude an award of declaratory and injunctive relief.  Resp. at 5-6; Reply at 4.

As such, the Court will deny the Motion as to Count II with respect to Plaintiff's claim for declaratory and injunctive relief.  However, the Court will grant the Motion as to Count II with respect to Plaintiff's claim for monetary damages.  Plaintiff will have an opportunity to amend this claim.

---

[4]     Although the Complaint states that Plaintiff seeks declaratory and injunctive relief under "Chapter 750, Florida Statutes," Chapter 750 falls under the Florida Statutes section on domestic relations, and it is merely a section reserved for future expansion.  Chapter 760, however, falls under the Florida Statutes section on civil rights, and is entitled "Discrimination in the Treatment of Persons; Minority Representation."  Also, within Count II, Plaintiff states, "The fact that Plaintiff suffers from PTSD constitutes a handicap or disability under the Florida Constitution and Florida Statutes (Chapter 760)."  Compl. ¶ 35.  Therefore, the Court assumes that Plaintiff meant to see relief under Chapter 760, not Chapter 750.

[5]     Plaintiff asserts in his Response, "The Complaint is therefore amended to include the § 1983 claim."  See Resp. at 5.  Under the proper procedures in this Court, Plaintiff must seek leave to file an Amended Complaint.  The Court therefore construes Plaintiff's attempt to amend his Complaint as a request for leave to amend his Complaint.

8

### C. Denial of Equal Protection; Retaliation/Constructive Discharge
### (Count III)

Count III brings a direct claim for denial of equal protection and retaliation/constructive discharge.  Yet, courts do not recognize a direct action based upon a Fourteenth Amendment violation because Congress has provided a remedy for such a claim under 42 U.S.C. § 1983.  See Williams v. Bennett, 689 F.2d 1370, 1390 (11th Cir. 1982) (dismissing direct claims under the eighth and fourteenth amendment because § 1983 provided an adequate alternative remedial scheme intended to be a substitute for direct recovery under the constitution).  Defendant therefore seeks dismissal of this claim because Plaintiff has not stated a cause of action under § 1983.  Mot. at 5.

In his Response pertaining to Count III, Plaintiff does not explicitly contend otherwise.  Instead, Plaintiff seems to seek permission to amend his claim, just as with Count II, because he titles this section "Count III: Due Process/Equal Protection/ Retaliation & Constructive Discharge 42 U.S.C. § 1983."  Resp. at 6.  Defendant contends that the request to amend should be denied as futile because Plaintiff cannot prevail on an equal protection violation claim based on Defendant's interpretation of its ILOD Policy and the Florida Worker's Compensation Act.  Reply at 4-6.

In his equal protection claim, Plaintiff alleges that he "was treated less favorably in the terms and conditions of his employment than individuals not suffering from a disability," Compl. ¶ 42, and "Defendant's agents told Plaintiff that had he suffered a physical rather than a mental injury, as required by Defendant's workers' compensation policy, his request for in line of duty sick leave would have been approved," id. Defendant notes in its Reply that both Florida and Federal courts have rejected claims

substantially similar to Plaintiff's.  Reply at 5-6 (citing Hensley v. Punta Gorda, 686 So. 2d 724, 727 (Fla. Dist. Ct. App. 1997) ("Contrary to Hensley's argument, she has not suffered discrimination by virtue of having a psychiatric illness; rather, she is unable, under the terms of Florida's act, to prove that she suffered an injury by accident so as to be covered by workers' compensation."), Traynor v. Turnage, 485 U.S. 535 (1988), and Cramer v. State of Florida, 885 F. Supp. 1545 (M.D. Fla. 1995)).

The Court will therefore grant the Motion as to Count III for failure to state a claim.  However, in the interest of justice, and in accordance with the Court's ruling on Count II, dismissal will be without prejudice and with leave to amend.  Yet, the Court encourages Plaintiff to keep Defendant's arguments in mind while drafting an Amended Complaint.

### D. Handicap Discrimination Under the FCRA
### (Count IV)

Count IV brings a claim for handicap discrimination under the FCRA.  "The Florida courts have recognized, and both parties agree, that actions under the Florida Civil Rights Act are analyzed under the same framework as the ADA."  Chanda v. Engelhard/ICC, 234 F.3d 1219, 1221 (11th Cir. 2000); Mot. at 5-6; Resp. at 8; Reply at 6.  Defendant thus seeks to dismiss Count IV for the same reasons it seeks to dismiss Count I.  As explained above, Plaintiff has stated a claim upon which relief can be granted as to Count I.  Therefore, Plaintiff has also stated a claim upon which relief can be granted as to Count IV.  As such, the Court will deny the Motion as to Count IV.

## IV. CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1.    Defendant School Board of Broward County's Motion to Dismiss [DE 3] is

      **GRANTED in part and DENIED in part** as follows:

      a.    As to Counts I and IV, the Motion is **DENIED**;

      b.    As to Count II, to the extent that Plaintiff seeks declaratory and

            injunctive relief, the Motion is **DENIED**;

      c.    As to Count II, to the extent that Plaintiff seeks monetary damages,

            the Motion is **GRANTED**, and the claim is **DISMISSED without**

            **prejudice**;

      d.    As to Count III, the Motion is **GRANTED**, and the claim is

            **DISMISSED without prejudice**.

2.    By no later than **July 23, 2012**, Plaintiff may file an Amended Complaint in

      accordance with the above findings, or alternatively, Plaintiff may file a

      Notice of intent to proceed solely on Counts I, IV, and Count II to the

      extent that it seeks declaratory and injunctive relief;

3.    Defendants' Answer will be due 14 calendar days from the filing of an

      Amended Complaint or a Notice.

      **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida, on this 9th day of July, 2012.

_James I. Cohn_ (signature)

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF